NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID A. MARSHALL, | ) | No. C 07-0478 JF (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| ROBERT AYERS, JR., Warden, | ) ) | |
| Respondent. | ) ) ) | (Docket No. 8) |

Petitioner, a state prisoner proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Board of Prison Terms' ("BPT") denial of parole. Finding the petition, liberally construed, stated a cognizable claim, the Court ordered Respondent to show cause why the writ should not be granted. In lieu of an answer, Respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). (Docket No. 8.) Petitioner filed an opposition to which Respondent filed a reply.

**BACKGROUND**

Petitioner is currently serving a state prison sentence after his Santa Clara Superior Court conviction. Petitioner challenges the BPT's denial of parole on October 7, 2003.

On May 24, 2005, Petitioner filed a state petition for a writ of habeas corpus in California Superior Court. It was denied on September 23, 2005. (Resp't Mot. Ex. D.)

Petitioner filed a state habeas petition in the California Court of Appeal on November 30, 2005. The state appellate court denied the petition on January 23, 2006. (Id. Ex. F.)

On April 19, 2006, Petitioner filed a petition in the California Supreme Court which denied the petition on November 29, 2006. (Id. Ex. E.)

Petitioner filed the instant federal habeas petition on January 24, 2007.

## DISCUSSION

A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post- conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

When the petition is directed to a denial of parole, as here, the date the statute of limitations begins to run is determined under subsection (D) of 2244(d)(1), i.e., it is the date when the factual predicate of the claim could have been discovered through the exercise of due diligence, and in parole cases that usually will be the date the parole

1  denial became final.  See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003)
2  (limitations period began to run when BPT denied prisoner's administrative appeal
3  challenging the BPT's decision that he was unsuitable for parole).  Respondent contends
4  the denial of parole became final on May 19, 2004, which is the date Petitioner's
5  untimely administrative appeal challenging the BPT's decision was rejected.  (Resp't
6  Mot. Ex. C.)  Respondent argues that the statue of limitations began to run the following
7  day, and expired on May 19, 2005.  (Id. at 3.)  Respondent concludes that since Petitioner
8  filed the instant federal habeas petition on January 24, 2007, nearly two years after the
9  limitations period expired, the petition must be dismissed as untimely.  In his reply,
10 Petitioner claims that he did not receive a response to this administrative appeal until
11 February 2005, and he therefore had until February 2006 to file the instant petition.
12 (Pet'r's Oppo. at 2) (Docket No. 9).

13       Petitioner's claim is without merit.  Petitioner offers no evidence to support this
14 conclusory claim in his opposition.  Even assuming he did receive the response to his
15 administrative appeal in February 2005, he could have, with the exercise of due diligence,
16 discovered the May 2004 denial sooner rather than waiting nearly nine months for the
17 notice.  Redd, 343 F.3d at 1079.  Accordingly, the Court agrees with Respondent that the
18 statute of limitations began to run the day after May 19, 2004, the date Petitioner's denial
19 of parole appeal was rejected.  Id.  Therefore, Petitioner had until May 19, 2005 to file a
20 timely petition.  Since Petitioner did not file the petition until January 24, 2007, the
21 petition is untimely unless it was tolled for a substantial period of time.

22 B.    Statutory Tolling

23       Section 2244(d)(2) tolls the one-year limitation period for the "time during which a
24 properly filed application for State post-conviction or other collateral review with respect
25 to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Unfortunately
26 for Petitioner, by the time he filed his state habeas petition on May 24, 2005, the one-year
27 limitation period had already expired on May 19, 2005.  A state habeas petition filed after
28 AEDPA's statute of limitation ended cannot toll the limitation period under § 2244(d)(2).

See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations."  Rashid v. Kuhlmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).

In further support of his argument that the petition is untimely, Respondent contends that Petitioner is not entitled to statutory tolling for the time between filings of his state court petitions because Petitioner unreasonably delayed in doing so.  As discussed above, Petitioner sought collateral review after the statute of limitations period had already expired and is therefore not entitled to statutory tolling on this basis alone.  However, the Court agrees with Respondent that there are persistent gaps of time between the habeas petitions filed in the state superior, appellate and supreme courts, without deciding whether the delays are "unreasonable."  Carey v. Saffold, 536 U.S. 214, 221-23 (2002); see e.g., Evans v. Chavis, 546 U.S. 189, 197 (2006) (rejecting interval tolling for gaps of more than the 30 to 60 days that most states provide for filing an appeal to the next level of review ).  After the state superior court denied the petition on September 23, 2005, Petitioner waited sixty-eight (68) days before filing a petition in the California Court of Appeal on November 30, 2005.  After the state appellate court denied the petition on January 23, 2006, Petitioner waited another eighty-six (86) days before he filed the petition in the state high court on April 19, 2006.  Then after the California Supreme denied the state petition on November 29, 2006, Petitioner waited another fifty-six (56) days before filing the instant federal habeas petition on January 24, 2007.  Petitioner delayed a total of 210 days between filings.  Petitioner offers no explanation to account for the consistent delays.  In sum, statutory tolling does not apply to save this petition from being untimely.

C.   Equitable Tolling

Petitioner is not entitled to equitable tolling either.  His claim that he did not have

1  notice until February 2005 that his appeal had been rejected is not sufficient for this
2  "extraordinary exclusion" to apply to him.  <u>Miranda v Castro</u>, 292 F3d 1063, 1065 (9th
3  Cir 2002) (petitioner bears burden of showing that equitable tolling should apply to him).
4  As discussed above, Petitioner could have exercised due diligence and discovered the
5  result of his appeal sooner.  <u>See</u> *supra* at 3.  The federal petition filed on January 14, 2007
6  is untimely.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Docket No. 8) is GRANTED and the petition for a writ of habeas corpus is hereby DISMISSED.

IT IS SO ORDERED.

DATED: 7/17/08

JEREMY FOGEL
United States District Judge